

**ORDERED in the Southern District of Florida on February 4, 2015.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re | CASE NO. 14-19002-BKC-RAM |
| | CHAPTER 7 |
| FRANCIS J. GONZON, | |
| Debtor. | |
| | |
| FRANCIS J. GONZON and NICHOL GONZON, | |
| Plaintiffs, | |
| vs. | ADV. NO. 14-1584-RAM-A |
| BANK OF NEW YORK MELLON, et al., | |
| Defendants. | |

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

The Court conducted a hearing on February 3, 2015, on the United States' Motion for Summary Judgment [DE# 33] and on the Plaintiffs' request for partial summary judgment, set forth in Plaintiffs' Response to United States' Motion for Summary Judgment (the "Plaintiffs' Cross-Motion for Summary Judgment") [DE# 38].

At the conclusion of the hearing, the Court delivered a bench ruling setting forth its conclusions of law in support of an Order granting the Plaintiffs' Cross-Motion for Summary Judgment. Those conclusions of law are incorporated by reference in this Order and summarized briefly as follows:

In this adversary proceeding, the Plaintiffs seek to strip off junior liens on their home (the "Home"), including a lien that attached in December 2013, when the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien (the "IRS Lien"). In addition to creating a lien on the Plaintiffs' Home, the IRS Lien attaches to and constitutes a lien against certain personal property of the Plaintiffs.

The parties agree that there is no equity in the Home to secure the IRS Lien. Nevertheless, the United States argues that it has a partially secured claim because its lien attaches to personal property that has some value. Because its claim is partially secured, the United States argues that Plaintiffs'

attempt to strip off its lien on the Home is prohibited by the Supreme Court's holding in *Dewsnup v. Timm*, 502 U.S. 410 (1992).

As explained more fully in the bench ruling, the Court rejects the United States' argument and disagrees with the two opinions adopting the United States' position, *Hoekstra v. U.S. (In re Hoekstra)*, 255 B.R. 285 (E.D. Va. 2000); and *In re Williams*, 488 B.R. 492 (Bankr. M.D. Ga. 2013).

Simply stated, the fact that the IRS Lien attaches to both personal property and the Home does not mean that the IRS is "partially secured" on the Home. Instead, because the IRS Lien is wholly unsecured on the Home, the lien on the Home may be stripped off. *In re McNeal*, 735 F.3d 1263 (11th Cir. 2012).

Therefore, it is –

**ORDERED** as follows:

1. The United States' Motion for Summary Judgment is denied.

2. The Plaintiffs' Cross-Motion for Summary Judgment is granted.

3. This Order does <u>not</u> constitute a final judgment against the United States. When all claims in this proceeding are resolved, the final judgment will include a judgment in favor of the Plaintiffs and against the United States on Count

3

IV of the Complaint determining that the IRS Lien is extinguished as a lien on the Plaintiffs' Home.

    4. Neither this Order nor the final judgment, when entered, affects the validity of the IRS Lien against any assets of the Plaintiffs other than the Home.

###

COPIES FURNISHED TO:

Kevin C. Gleason, Esq.
Maureen Donlan, Esq.

**(Attorney Gleason is directed to serve a copy of this Order on all other interested parties and file a Certificate of Service)**